■    In the Matter of KENNETH JACOBS, as Executor of MORRIS JACOBS, Deceased, as Stockholder of OSTOW & JACOBS, INC., in Behalf of Himself and for the Benefit of Said Corporation, Respondent, v. OSTOW & JACOBS, INC., et al., Appellants.— Order entered on September 6, 1960 setting aside the election of a director and officers of Ostow & Jacobs, Inc., enjoining the incumbent officers from continuing to act as such; directing a meeting of stockholders for the election of an additional director and a meeting of the directors, following such stockholders' meeting, for the election of new officers; appointing inspectors of election; and awarding counsel fees and expenses, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to appellants, and the petition dismissed, with $10 costs. The power of a court

under section 25 of the General Corporation Law is to confirm an election or order a new election, as justice may require. (*Matter of Faehndrich*, 2 N Y 2d 468, 474–475.) The relief granted herein goes far beyond that restricted power. Moreover, since concededly the two surviving directors continued to hold over, they were empowered to act in the conduct of the affairs of the corporation, even if the one director, who succeeded a deceased director, did not continue in office after the end of the one-year term. Hence, officers elected by the two directors effectively received a majority vote of the unquestionably qualified number of the board of directors, and the court was without power to order them removed without cause. Finally, the ordering of a new election was an obvious futility. There was no proof or claim that a new election would produce any different result, where, as it appears here, the contending parties each own 50% of the stock of the corporation. A new election could not possibly eliminate the impasse. Perhaps, the only solution for the objecting stockholder is the remedy granted under section 103 of the General Corporation Law which provides for a dissolution in the event of a deadlock. Although there are some members of this court who are of the opinion that the director elected to fill the vacancy continued to hold office until his successor had been duly elected, as did those directors elected for a full term, it is unnecessary to decide that question in view of our disposition of the proceeding on the other grounds hereinabove stated. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.